PEOPLE v MAYES

DISORDERLY HOUSE—STATUTES—DISJUNCTIVE—ELEMENTS OF CRIME.

> The criminal statute on keeping a house of ill fame uses the disjunctive and therefore a violation of the statute occurs whenever a person operates or maintains (1) a house of ill fame, *or* (2) a bawdy house, *or* (3) a house or place resorted to for the purpose of prostitution, and only where the operation or maintenance of a house of ill-fame is charged, is reputation of the premises an essential element (MCLA 750.452).

Appeal from Monroe, James J. Kelley, Jr., J. Submitted Division 2 November 15, 1972, at Detroit. (Docket No. 14014.) Decided January 18, 1973.

Janice Ann Mayes was convicted, on her plea of guilty, of operating a bawdy house or house or place resorted to for the purpose of prostitution. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James J. Rostash,* Prosecuting Attorney, for the people.

*Patricia Costello,* for defendant on appeal.

Before: LEVIN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. Defendant appeals, as of right, from her plea-based conviction of, and sentence for, operating a bawdy house or house or place

REFERENCE FOR POINTS IN HEADNOTE
24 Am Jur 2d, Disorderly Houses §§ 12, 18.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

resorted to for the purpose of prostitution (MCLA 750.452; MSA 28.707).

At the preliminary examination, no showing was made by the people that the premises controlled by defendant had a reputation in the community as a house of ill-fame. On motion by defendant to quash the information, the trial court quashed that part which charged defendant with operating or maintaining a house of ill-fame. Defendant then pled guilty to the truncated information, reserving the right to appeal from the trial court's partial quashing.

Defendant contends that an essential element of a charge under the statute, *supra,* is that the place in question was a house of ill-fame, and that such element requires a showing of bad reputation in the community. *People v Pinkerton,* 79 Mich 110 (1889), one of the cases on which defendant relies, is based on a prior version of this statute and is inapplicable here. In *People v Lee,* 307 Mich 743 (1943), also relied on by Ms. Mayes, the defendant was, unlike Ms. Mayes, charged with operating a house of ill-fame.

The present statute provides that:

"Any person who shall keep, maintain or operate, or aid and abet in keeping, maintaining or operating a house of ill-fame, bawdy house or any house or place resorted to for the purpose of prostitution * * * shall be guilty of a felony, * * * ."

We note that the disjunctive is used and therefore a violation of the statute occurs whenever a person operates or maintains (1) a house of ill-fame, *or* (2) a bawdy house, *or* (3) a house or place resorted to for the purpose of prostitution. The trial court correctly held that only where the operation or maintenance of *a house of ill-fame* is charged, is reputation of the premises an essential element.

Affirmed.